1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

David Evan Starr,

          Petitioner,

vs.

Louis W. Winn, Jr., Warden,

          Respondent.

No. CV-12-225-TUC-RCC-DTF

**REPORT & RECOMMENDATION**

      Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. Petitioner, David Evan Starr, while confined in the United States Penitentiary in Tucson, Arizona, alleges that due to a deficiency in his restitution order, the Bureau of Prisons ("BOP") lacks authority to enforce his restitution order through the Inmate Financial Responsibility Program ("IFRP"). Petitioner requests that he be placed on permanent "IFRP Exempt" status, that he be free from an obligation to make restitution payments until his release, and that his restitution obligation be recalculated upon his release from custody. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for a Report and Recommendation. Before the Court are the Petition (Doc. 1), Respondent's Motion to Dismiss[1] and Reply (Docs. 29, 35), Petitioner's Response and Sur-Response (Docs. 34, 36),

---

[1]      Respondent did not address the merits of Petitioner's claims, rather he noted he would file a response if the motion to dismiss was denied. (Doc. 29 at 1 n.1.) By May 9, 2012 Order of the Court, Respondent was directed to answer the Petition and prohibited from filing a dispositive motion absent permission of the Court. (Doc. 5 at 4.) The Court determines that additional briefing is unwarranted in the circumstances and rules on the documents it has before it.

1   Petitioner's Request for Summary Judgment (Doc. 42) and Respondent's Opposition thereto

2   (Doc. 44). The Magistrate Judge recommends that the District Court, after its independent

3   review, grant the Petition in part and deny the Petition in part.

4                                        **BACKGROUND**

5          In 1998, prior to and separate from Petitioner's current period of incarceration, Petitioner

6   pled guilty in the U.S. District Court, Northern District of Iowa to a violation of 18 U.S.C.

7   § 1343(f), fraud by wire, radio or television. (Doc. 1, Ex. A at 1.) He was sentenced to 36

8   months incarceration and ordered to pay $259,000 in restitution "immediately." (*Id*. at 2.) The

9   sentencing court waived the interest requirement, stating that Petitioner "does not have the

10  ability to pay interest." (*Id*.) Petitioner's restitution order further stated that restitution shall be

11  due during Petitioner's period of imprisonment, and that "[a]ll criminal monetary payments,

12  except those payments made through the Bureau of Prisons' Inmate Financial Responsibility

13  Program, are to be made as directed by the Court, the probation officer, or the United States

14  Attorney." (*Id*. at 3.) In January 2004, Petitioner's restitution order was amended to reduce the

15  amount owed to $94,520.75. (*Id*., Ex. C at 1.) The amended order did not contain a schedule of

16  payments. (*Id*. at 1-2.)

17         Following his release, Petitioner again faced criminal charges in the same district and,

18  in 2007, Petitioner was sentenced to 720 months of incarceration. (Doc. 29 at 3; Doc. 34 at 1,

19  4.) Petitioner is currently serving out this sentence in the United States Penitentiary, Tucson.

20  (Doc. 1 at 1.)

21         Petitioner alleges in his Petition, and Respondent does not dispute, that because

22  Petitioner is subject to an order of restitution related to his previous conviction, he cannot

23  receive certain benefits unless he is enrolled in the IFRP. (*Id*. at 6.) While participating in the

24  IFRP, Petitioner alleges he was required to make payments towards his restitution obligation

25  according to a payment schedule established by the BOP. (*Id*. at 4.) In his Motion for Summary

26  Judgment, Petitioner informed the Court that he has been placed on "Temporary IFRP Exempt"

27  status. (Doc. 42 at 2.) Petitioner continues to seek a change in status to "Permanent IFRP

28                                           - 2 -

1   Exempt." (Doc. 1 at 9; Doc. 42.) Respondent provided no response to Petitioner's current status

2   with respect to the IFRP, rather, he argued only that a motion for summary judgment did not

3   comply with the rules and should be denied. (Doc. 44.)

4                                                    **ANALYSIS**

5           **Exhaustion**

6           Typically, the Court requires an inmate to exhaust all available administrative remedies

7   before it agrees to reach the merits of a 28 U.S.C. § 2241 claim. *Martinez v. Roberts*, 804 F.2d

8   570, 571 (9th Cir. 1986). However, exhaustion of administrative remedies is not a jurisdictional

9   requirement of a § 2241 claim. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Petitioner

10  argues that, although he did not exhaust the appeals available to him through the BOP's

11  Administrative Remedy Program before filing the instant Petition, his claim should nevertheless

12  be heard because exhaustion would be futile. (Doc. 1 at 13.) Respondent does not dispute

13  exhaustion.

14          When the court deems exhaustion futile, the claim may properly be addressed prior to

15  exhaustion. *Ward*, 678 F.3d at 1045. Grievances based on official BOP policy, such as that

16  controlling the IFRP, are particularly ripe for consideration based on futility. *Id.* at 1046

17  ("Because of the existence of official BOP policy–the IFRP–exhaustion would be futile here.");

18  *see also Sours v. Chavez*, No. CV08-1903-PHX-SRB, 2009 WL 2714028, *3 (D. Ariz. Aug. 27,

19  2009) (deeming exhaustion futile where BOP relied upon IFRP policy to reject the petitioner's

20  appeals in the Administrative Remedy Program). Accordingly, the Court should exercise its

21  discretion and overlook Petitioner's failure to exhaust his administrative remedies, particularly

22  as Respondent did not raise this issue.

23          **Merits**

24          As an initial matter, Respondent argues that the Court should not address the merits of

25  Petitioner's claims because he waived them when he failed to file a direct appeal challenging

26  his restitution order, and did not appeal the denials of his motions to modify restitution. (Doc.

27  29 at 4.) It is true that if Petitioner wishes to object to his restitution order, he must do so in the

28                                                      - 3 -

Northern District of Iowa, where he was sentenced. However, it is well established that the manner in which an inmate's sentence is executed is properly disputed via a § 2241 petition. *See Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir. 2000). To the extent Petitioner challenges the enforcement of his sentence by BOP, specifically, whether BOP may implement a schedule of restitution payments in lieu of the court, a § 2241 petition has been recognized as the appropriate mechanism. *See LeBlanc v. Norwood*, CV 09-1551-CJC, 2010 WL 2891539, *5 (May 6, 2010) *report and recommendation adopted* (C.D. Cal. July 16, 2010) ("Petitioner's § 2241 claim asserts and proves a deficiency in the execution of his sentence . . . Petitioner should be placed on "IFRP Exempt" status in light of the BOP's lack of authority to implement a payment schedule through that program."). The Court finds that Petitioner did not waive his objection to BOP enforcement of his restitution order by failing to object to the order itself.

In Claims 1 and 2, Petitioner argues that the BOP cannot impose a restitution payment schedule on him because the Court did not do so. Under the Mandatory Victims Restitution Act ("MVRA"), the economic circumstances of the defendant have no bearing on the amount of restitution ordered by the sentencing court, for it is required to set a restitution amount that will fully compensate the victim. 18 U.S.C. § 3664(f)(1)(A). However, "the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of" the defendant's financial situation. 18 U.S.C. § 3664(f)(2). The Ninth Circuit holds that the statutory duty to set a payment schedule "in consideration of" defendant's finances belongs to the court alone and cannot be delegated to the BOP or any other authority.[2] *See United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005).

The circuit's position on the issue was further clarified in *Ward v. Chavez*. There, the

---

[2]     To the extent there is a question as to whether the law of the circuit in which Petitioner was sentenced applies, the Eighth Circuit (which encompasses the Northern District of Iowa) also interprets the MVRA as "requir[ing] the district court to set a detailed payment schedule at sentencing." *United States v. McGlothlin*, 249 F.3d 783, 785 (8th Cir. 2001).

1  Court held that "if the defendant is unable to pay restitution immediately, the court cannot

2  simply order 'immediate' repayment and leave the details of the actual payment schedule to the

3  BOP." *Ward*, 678 F.3d at 1052. Absent a proper payment schedule, the BOP "lacks the

4  authority to collect restitution payments" through the IFRP. *Id*. at 1051; *see also Ybarra v.*

5  *Smith*, No. CV-09-1447-PHX-DGC, 2010 WL 5361833, *2 (D. Ariz. Dec. 21, 2010) ("Without

6  a proper order, the BOP does not have the authority to require a schedule of restitution

7  payments collected while Petitioner is participating in the IFRP." (internal quotation marks and

8  citations omitted)); *see also Smiley v. Smith*, CV 11-1153-PHX-GMS, 2013 WL 57822, *4 (D.

9  Ariz. Jan. 4, 2013) (applying *Ward* to hold that the petitioner is exempted "from the IFRP until

10  a proper restitution schedule has been set by the sentencing court").

11      In this case, the sentencing court set restitution at $259,000, noted that Petitioner was

12  unable to afford interest, but failed to set a schedule for repayment "in consideration of"

13  Petitioner's financial circumstances as required by 18 U.S.C. § 3664(f)(2). Petitioner's amended

14  order of restitution likewise contains no schedule of payments. Instead, the BOP, through the

15  IFRP, created its own repayment schedule. It did not have the authority to do so. Unless and

16  until the sentencing court's restitution order is changed to include a payment schedule, the BOP

17  should be instructed to stop collecting payments under Petitioner's IFRP plan and place

18  Petitioner on "IFRP Exempt" status.

19      Petitioner argues, in Claim 3, that he "should not be required to pay any restitution while

20  he is in prison and has no income," (Doc. 1 at 6), thereby disputing the provision in his original

21  restitution order requiring that payment "shall be due during the period of imprisonment." (*Id*.,

22  Ex. A at 3). He further argues in Claim 4 that his "restitution obligation should be recalculated

23  just before he is released from custody." (Doc. 1 at 7.) Generally, a habeas petition filed under

24  § 2241 is only appropriate to challenge the "manner, location, or conditions of a sentence's

25  execution." *Hernandez*, 204 F.3d at 864. This Court lacks jurisdiction in a § 2241 petition to

26  consider Petitioner's claims requesting modifications as to the amount or the terms of his order

27  of restitution.

28

1   Because the Court concludes Petitioner is entitled to relief on the merits of his Petition,

2   it does not reach his motion for summary judgment.

3   **RECOMMENDATION**

4   Based on the foregoing, the Magistrate Judge recommends that the District Court GRANT

5   IN PART the Petition for Writ of Habeas Corpus (Doc. 1), to the extent that Petitioner be put on

6   "IFRP Exempt" status until a proper restitution schedule has been set by the sentencing courts,

7   and DENY IN PART the Petition, to the extent Petitioner requests changes to the terms of his

8   order of restitution. The Magistrate further recommends the District Court DENY Respondent's

9   Motion to Dismiss (Doc. 29) and DENY AS MOOT Petitioner's Motion for Summary Judgment

10   (Doc. 42).

11   Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file

12   written objections within fourteen days of being served with a copy of the Report and

13   Recommendation. A party may respond to the other party's objections within fourteen days. No

14   reply brief shall be filed on objections unless leave is granted by the district court. If objections

15   are not timely filed, they may be deemed waived. Any objections filed should be captioned with

16   the following case number: **CV-12-225-TUC-RCC**.

17   DATED this 12th day of August, 2013.

18

19

20

21

22                                     D. Thomas Ferraro
                                       United States Magistrate Judge
23

24

25

26

27

28                                          - 6 -