# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Evan Starr,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Craig Apker,<br><br>　　　　　Respondent. | No. CV-12-00225-TUC-RCC<br><br>**ORDER** |

Before the Court is the August 12, 2013, Report and Recommendation (R&R) from Magistrate Judge D. Thomas Ferraro (Doc. 45) recommending that this Court grant in part and deny in part Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The R&R further recommends this Court deny Respondent's Motion to Dismiss (Doc. 29) and deny as moot Petitioner's Motion for Summary Judgment (Doc. 42).

Respondent filed his objections to the R&R (Doc. 49) on September 25, 2013, and Petitioner filed his response to Respondent's objections on October 7, 2013 (Doc. 52). Respondent also filed a reply (Doc. 54) to Petitioner's response; however, no replies are permitted and the Court will therefore strike Document 54. (See Doc. 45 at 6).

For the following reasons, this Court will adopt the R&R.

## I.   BACKGROUND

The factual and procedural background in this case is thoroughly detailed in Magistrate Judge Ferraro's R&R (Doc. 45). This Court fully incorporates by reference the Summary section of the R&R into this Order.

## II. LEGAL STANDARD

The duties of the district court in connection with a R&R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court will not disturb a Magistrate Judge's Order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). Where the parties object to a R&R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

## III. DISCUSSION

### a. § 2241 Petition

Magistrate Judge Ferraro issued a R&R recommending that this Court enter an order granting in part and denying in part the § 2241 petition. Judge Ferraro recommended the petition be granted to the extent that the Petitioner should be placed on "IFRP Exempt" status until a proper restitution schedule has been set. Judge Ferraro further recommended that the petition be denied to the extent that Petitioner requests changes to the terms of his order of restitution; specifically, that Petitioner not be obligated to pay restitution until his release from custody, and that the restitution award be recalculated upon his release.

Petitioner's claims 1 and 2 argue that the Bureau of Prisons ("BOP") cannot impose a restitution schedule on him because the sentencing court did not do so. Citing *U.S. v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005) ("*Gunning II*"), and *Ward v. Chavez*, 678 F.3d 1042, 1051-52 (9th Cir. 2012), Judge Ferraro found that claims 1 and 2 should be granted because the statutory duty to set a restitution payment schedule belongs to the sentencing court, and cannot be delegated to the BOP or any other authority. Judge

Ferraro further noted that because in this case the sentencing court "failed to set a schedule for repayment 'in consideration of' Petitioner's financial circumstances as required by 18 U.S.C. § 3664(f)(2)," the BOP has no authority to create its own schedule or to collect payments under Petitioner's IFRP plan. (Doc. 45 at 5). Judge Ferraro therefore concluded Petitioner should be placed on "IFRP Exempt" status and that the BOP must stop collecting payments until the sentencing court amends its restitution order to include a payment schedule.

Petitioner's claim 3 argues that he should not be required to pay any restitution while he is incarcerated and has no income, and claim 4 argues the restitution obligation should be recalculated upon Petitioner's release from custody. Judge Ferraro rejected these claims, noting that petitions pursuant to 28 U.S.C. § 2241 are "only appropriate to challenge the 'manner, location, or conditions of a sentence's execution.'" (Doc. 45 at 5) (citation omitted). Judge Ferraro therefore concluded this Court lacks jurisdiction to consider the Petitioner's claims regarding modifications as to the amount and terms of the restitution order entered by the sentencing court.

In his objections to the R&R, Respondent states that the petition should be dismissed because Petitioner failed to directly appeal his restitution order and has therefore waived the arguments. Here, Petitioner is challenging the BOP's execution of the sentencing order and judgment, i.e., its scheduling of payments through the IFRP, not the sentencing order itself. It is well established that a § 2241 petition is the proper vehicle through which a federal prisoner challenges the manner or the execution of a sentence. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). This petition does just that. It challenges the BOP's authority to schedule and withdraw restitution payments, not the legality of the sentence itself. This issue is properly raised by way of a § 2241 petition.

Respondent further argues that "[t]he Magistrate Judge's finding that the restitution order is not a proper or valid order, is internally inconsistent with his finding that this court has no jurisdiction to modify the terms of the agreement, when the court

has done exactly that by invalidating another court's restitution order." (Doc. 49 at 4). Respondent misstates the findings of the R&R. The R&R does not recommend that the restitution order is invalid; rather, the R&R recommends that because the restitution order does not set a payment schedule, the BOP has no authority to set its own schedule and collect payments from Petitioner. It is up to the sentencing court whether it wishes to amend the restitution order to establish a payment schedule. Respondent also seems confused in his misstatement of the issues before the Court—Petitioner is not challenging, and the Court does not presume to address, the validity of the sentencing court's judgment or restitution order. The issue at bar is the BOP's enforcement of the restitution order— an issue which falls squarely within § 2241's as the proper vehicle through which a federal prisoner challenges the manner or execution of his sentence.

Petitioner also suggests that the sentencing court did not impermissibly delegate its authority to the BOP to establish a repayment schedule. Pursuant to the Mandatory Victims Restitution Act ("MVRA"), "[u]pon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). The MVRA charges the District Court with setting the terms of the restitution payments and that duty cannot be delegated. *Gunning II*, 401 F.3d at 1149-50 (citing *U.S. v. Gunning*, 339 F.3d 948, 949 (9th Cir. 2003) ("*Gunning I*")). The *Gunning II* court explicitly stated that "the district court must determine the restitution payment schedule." 401 F.3d at 1150. In this case, the sentencing court ordered Petitioner's restitution due "in full immediately." This Court has previously found that an order making restitution due immediately, without providing a specific time frame for payment, does not comply with *Gunning II*. (See 11-CV-130-TUC-RCC Doc. 33). Allowing the BOP to determine the restitution schedule pursuant to such an order is an impermissible delegation of the sentencing court's authority.

To the extent Petitioner suggests Eighth Circuit case law should apply here (because Petitioner's underlying conviction is from the District of Iowa), the Court

rejects that argument. Petitioner is challenging the manner in which his sentence is being executed in the District of Arizona. Thus, Ninth Circuit law properly applies to the § 2241 petition.

### b. Motion to Dismiss

Magistrate Judge Ferraro also recommended this Court deny Respondent's Motion to Dismiss (Doc. 29). In the R&R, Judge Ferraro notes that the Court expressly ordered Respondent to file an answer to the petition, and that Respondent was prohibited from filing a dispositive motion without first showing cause as to why an answer would be inadequate. (See Doc. 5 at 4). However, Respondent did not file an answer and did not seek the Court's leave before filing his first Motion to Dismiss on July 5, 2012 (Doc. 18). The Court later granted Petitioner's Motion to Strike (Doc. 23) the Respondent's Motion to Dismiss.

Respondent subsequently filed a second Motion to Dismiss on October 29, 2012 (Doc. 29), which was fully briefed by the parties. In the R&R, Judge Ferraro notes that "The Court determines that additional briefing is unwarranted in the circumstances and rules on the documents it has before it." (Doc. 45 at 1 n.1).

In his objections to the R&R, Respondent does not directly challenge Judge Ferraro's recommendation to deny the Motion to Dismiss.

### c. Motion for Summary Judgment

Because Magistrate Judge Ferraro concluded Petitioner is entitled to relief on the merits of Claim 1 and Claim 2 of the 28 U.S.C. §2241 petition, Judge Ferraro did not address the merits of Petitioner's Motion for Summary Judgment. Judge Ferraro therefore recommends the Court deny Petitioner's Motion for Summary Judgment as moot.

In his objections to the R&R, Respondent does not directly challenge Judge Ferraro's recommendation to deny the Motion for Summary Judgment.

### IV. CONCLUSION

Petitioner's § 2241 claim asserts and proves a deficiency in the execution of his sentence. Accordingly, the Court must remedy the execution of the sentence, rather than

ordering the amendment of the judgment. As there is no schedule by which the BOP can collect payments from Petitioner's account, the BOP must stop collecting such payments. Moreover, Petitioner should be placed on "IFRP Exempt" status in light of the BOP's lack of authority to implement a payment schedule through that program.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Ferraro's Report and Recommendation (Doc. 45) is hereby **ACCEPTED and ADOPTED** as the findings of fact and conclusions of law by this Court.

**IT IS FURTHER ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted in part** to the extent Petitioner be put on "IFRP Exempt" status until a proper restitution schedule has been set by the sentencing court, and **denied in part** to the extent that Petitioner requests changes to the terms of his order of restitution.

**IT IS FURTHER ORDERED** the BOP shall stop collecting restitution payments from Petitioner, and shall place Petitioner on "IFRP Exempt" status.

**IT IS FURTHER ORDERED** Respondent's Motion to Dismiss (Doc. 29) is **denied**.

**IT IS FURTHER ORDERED** Petitioner's Motion for Summary Judgment (Doc. 42) is **denied** as moot.

**IT IS FURTHER ORDERED** striking Document 54 from the record as an unpermitted reply.

The Clerk of Court shall enter judgment accordingly and shall close its file on this matter.

Dated this 3rd day of March, 2014.

*Raner C. Collins*
Raner C. Collins
Chief United States District Judge